RYDER, Chief Judge.
On November 16, 1983, John Petronis pled nolo contendere to a single information which charged that on May 7, 1983 he committed the offenses of: Count I, aggravated assault; Count II and III, two separate batteries upon two different law enforcement officers; Count IV, breach of the peace; and Count V, malicious conduct which caused damage to property of the Lee County Sheriffs Department.
On January 16, 1984, the court adjudicated Petronis guilty of each count and placed him on probation for three consecutive five-year terms for the crimes charged in Counts I, II and III. The court imposed no sentence for the crimes charged in Counts IV and V. Included within the conditions of probation imposed upon Pe-tronis were requirements that he: serve thirty days in the Lee County Jail, pay restitution of $130.00 to Gallagher, Bassett Insurance Service and pay $1,000.00 to Lee County Fine and Forfeiture Fund. Later, but also on January 16, 1984, a written order relating to the sentence was entered, but by obvious scrivener’s error, Petronis was ordered to pay the sum of $1,500.00 to the Lee County Fine and Forfeiture Fund rather than the $1,000.00 ordered by the judge at time of sentencing.
*873 A warrant was issued on June 15, 1984 charging . Petronis with violating three conditions of his probation. The warrant alleged that Petronis failed to report to his probation officer in April and May of 1984, failed to pay the costs of his supervision, and failed to attempt to pay the $130.00 restitution to Gallagher, Bassett Insurance Service. A hearing on the charges was held on December 3, 1984. Petronis entered a plea of nolo contendere. The trial court, thereupon, revoked Petronis’ probation on Count I, aggravated assault, and sentenced Petronis to thirty months in the state prison. The court further ordered that the two five-year consecutive proba-tions of Counts II and III would remain intact but would each run consecutively with the thirty-month incarceration sentence. Additionally, the court modified the probation terms of Count II so as to include the special conditions of restitution payment to Gallagher, Bassett Insurance Service and the payment to the Lee County Fine and Forfeiture Fund which had previously been imposed on Count I, before probation on that count was revoked.
Thereafter, Petronis appealed, alleging, inter alia, that he was erroneously sentenced under the sentencing guidelines, that the imposed sentence departed from the guidelines without the requisite written reasons justifying departure and that the combined sentences of thirty months’ incarceration and the two consecutive five-year terms of probation violates rule 3.701(d)(12), Florida Statutes (1983). We disagree and affirm the judgment and sentence.
Petronis committed the crimes, sub judice, on May 7, 1983, which was prior to the effective date of the sentencing guidelines rules. Consequently, for Petronis to be properly sentenced in accordance with those rules, he would have had to have affirmatively selected to be sentenced under the rules. There is no record of Pe-tronis ever electing to be sentenced under the guidelines. Moreover, the record does not indicate that the court sentenced him under the guidelines. Petronis’ allegation of erroneous guidelines sentencing by the trial court is based merely upon the following two facts: a guidelines sentencing scoresheet was filed with the court on January 9, 1984; and the series of events that took place at the probation revocation hearing, particularly when the court asked the Department of Corrections for a sentence recommendation, to which Mr. Steve Cummings (Petronis’ parole officer) replied, “I think the sentencing guidelines recommended twelve to thirty months.” Thereafter, the court revoked probation as to Count I and sentenced Petronis to the Department of Corrections for a period of thirty months. Despite the inference drawn by Petronis, these circumstances do not conclude that the court used the guidelines rules to sentence Petronis. Since Pe-tronis was not sentenced in accordance with the guidelines rules, he is, therefore, eligible for parole.
At the January 16, 1984 sentencing hearing, the trial court ordered as a probation condition to Count I that Petronis pay $1,000.00 to the Lee County Fine and Forfeiture Fund. However, the written order specified that the condition required payment of $1,500.00 to the Lee County Fine and Forfeiture Fund. This probation condition discrepancy was not an issue on appeal. It, nevertheless, must be addressed since the trial court at the December 3, 1984 probation revocation hearing modified Count II to include this condition which was originally a part of Count I before the probation of Count I was revoked. We, therefore, remand this portion of the case to the trial court with instructions that the written order of January 16, 1984 relating to the payment of $1,500.00 be corrected to reflect the $1,000.00 amount imposed by the trial judge at sentencing. We find no merit to any other issues raised on appeal.
Affirmed, but remanded with instructions.
SCHOONOVER and LEHAN, JJ., concur.